OAKLAND COUNTY 11-118785-NO

Original - Court   1st copy - Defendant   2nd copy - Plaintiff   3rd copy - Return

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>6TH   CIRCUIT COURT | SUMMONS AND COMPLAINT | JUDGE RUDY J. NICHOLS<br>VANDERMAAS,HE v SUNRISE ASSIS |

Court Address
1200 North Telegraph Road, Pontiac, MI 48341                              (248) 858-0351

Plaintiff name(s), address(es) and telephone no(s).
HEIDI VANDERMAAS, Personal Representative for the
Estate of MARY MESSERSCHMIDT, Deceased

v

Defendant name(s), address(es), and telephone no(s).
SUNRISE ASSISTED LIVING
29681 MIDDLEBELT RD.
FARMINGTON HILLS, MI
48334

Plaintiff attorney, bar no., address, and telephone no.
Geoffrey Fieger (P-30441)
Paul W. Broschay (P-36267)
19390 W. Ten Mile Road
Southfield, MI 48075
248-355-5555

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan, you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued: APR 29 2011 | This summons expires: JUL 29 2011 | Court clerk: BILL BULLARD JR |

*This summons is invalid unless served on or before its expiration date.

_X_ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the Complaint.

_ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ The docket number _____ and assigned judge are: _____

| (Name of court) | | |
| Docket no. | Judge | Bar no. |

This action __ remains __ is no longer pending.

| VENUE | |
| Plaintiff(s) residence | Defendant(s) residence |
| OAKLAND COUNTY | WAYNE COUNTY |

Place where action arose or business conducted
OAKLAND COUNTY

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.
4/28/11
Date                     Signature of attorney/plaintiff

COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.
MC 01 (10/91) SUMMONS AND COMPLAINT          MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b)

OAKLAND COUNTY 11-118785-NO

JUDGE RUDY J. NICHOLS
VANDERMAAS,HE v SUNRISE ASSIS

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

HEIDI VANDERMAAS, Personal Representative
for the Estate of MARY MESSERSCHMIDT,
Deceased,

                Plaintiff,

v.                                                                                           Case No.
                                                                                         Judge:

SUNRISE ASSISTED LIVING,

                Defendant.

---

**GEOFFREY N. FIEGER (P-30441)**
**PAUL W. BROSCHAY (P-36267)**
Fieger Fieger Kenney Johnson & Giroux, P.C.
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075
248-355-5555

---

### COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action
arising out of the same transaction or
occurrence as alleged in the Complaint

NOW COMES Plaintiff, HEIDI VANDERMAAS, Personal Representative for the Estate of MARY MESSERSCHMIDT, Deceased, by and through her attorneys, FIEGER FIEGER KENNEY JOHNSON & GIROUX, P.C., and for her Complaint against Sunrise Assisted Living, state as follows:

### COMMON ALLEGATIONS

1.     At all relevant times, Heidi Vandermaas, is a resident in the County of Oakland and State of Michigan.

1

2. At all relevant times, Sunrise Assisted Living was a Michigan Corporation which held itself out to the public, and to Plaintiff's in particular, as a facility capable of caring for sick and elderly patients, and as having competent staff on hand.

3. The negligent acts and omissions complained of herein occurred at the Sunrise Assisted Living at 29681 Middlebelt Road, Farmington Hills, MI 48334.

4. The amount in controversy exceeds Twenty-Five Thousand ($25,000.00) Dollars, exclusive of interest, costs and attorneys fees.

## COUNT 1
## NEGLIGENCE

5. Plaintiff incorporates by reference paragraphs 1 through 4 of the foregoing as though fully set forth herein.

6. On or about September 7, 2009, Mary Messerschmidt, was admitted to the Defendant, Sunrise Assisted Living with a history of Macular Degeneration, Hydrocephlaus, Heart Disease, Kidney Disease, R-L Knee Replacements, Hydrocephalic Shunt 2008 and Arthritis.

7. At all times, Mary Messerschmidt, Deceased, and her family including her daughter, Heidi Vandermaas, were looking to Defendant Sunrise Assisted Living for appropriate care and treatment of Mary Messerschmidt.

8. At all times, Defendant Sunrise Assisted Living was under a duty to exercise care for the safety of Mary Messerschmidt.

9. At all times, Defendant Sunrise Assisted Living knew that their patient was unsteady on her feet, confused at times and required supervision and fall precautions.

10. According to Defendant's progress notes dated September 8, 2009 at 11:55 p.m., (Mary Messerschmidt) rolled out of bed head first. 911 was called.

11. Emergency Medical Services (EMS) arrived, examined Mary Messerschmidt and applied an ice-pack.

12. According to Defendant's progress notes dated September 9, 2009 at 3:30 a.m., an employee was doing room checks when they found Mary Messerschmidt on the floor.

13. On September 9, 2009, Mary Messerschmidt was transported via EMS to Henry Ford Hospital's emergency room with chief complaint of falling and hitting her head on the floor.

14. Mary Messerschmidt was admitted to Henry Ford Hospital with swelling and bruising to above right eye, sharp pain, subdural hematoma and other injuries.

15. According to Henry Ford Hospital's progress notes dated September 10, 2009, patient was lethargic with a worse headache.

16. A CT Scan was done and noted an acute on subacute bilateral subdural hematoma.

17. She was taken to the operating room and had an emergency craniotomy with evacuation.

18. The patient was placed in the Intensive Care Unit and intubated. Overnight she became hypotensive and spiked a fever.

19. Subsequently, on September 19, 2009, Mary Messerschmidt died from Cranial Cerebral Trauma and other complications.

3

20. At all times, Defendant Sunrise Assisted Living, and its agents and employees, including the nurses' aides and unskilled attendants were required to exercise ordinary care for the safety of Mary Messerschmidt.

21. At all times, Defendant Sunrise Assisted Living through its agents and employees, breached their duty to exercise reasonable care for their residents.

22. At all times, Defendant Sunrise Assisted Living through its agents and employees, breached their duty to exercise ordinary care in one or more of the following ways:

    a. Failing to adopt proper fall precautions;

    b. Failing to properly and adequately train their staff;

    c. Failing to have adequate staff on hand;

    d. Failing to have a sitter for the patient;

    e. Failing to have bed or door alarms;

    f. Leaving the patient unattended;

    g. Allowing the patient to fall; and

    h. Otherwise failing to act reasonably under the circumstances.

23. As a direct and proximate result of the Defendant's acts and/or omissions, Mary Messerschmidt died, and thus, her estate, via its personal representative, has and will continue to suffer damage into the future, including but not limited to:

    a. Reasonable medical, hospital, funeral and burial expenses;

    b. Reasonable compensation for the pain and suffering undergone by Mary Messerschmidt while she was conscious during the time between her injury and death;

4

c. Loss of financial support;

d. Loss of service;

e. Loss of gifts and/or other valuable gratuities;

f. Loss of society and companionship;

g. Punitive and exemplary damages; and

h. All other damages properly recoverable under the Michigan Wrongful Death Act.

24. As a direct and proximate cause of the negligence and gross negligence of the Defendant Sunrise Assisted Living, by and through its agents and employees, Mary Messerschmidt suffered grievous injuries and damages including, but not limited to the following:

a. a subdural hematoma;

b. contusion on the right eye;

c. seizures;

d. closed head injury;

e. medical expenses; and

f. embarrassment, mortification and humiliation.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests this Court to enter Judgment in his favor against the Defendant in whatever amount the Court or jury determines to be fair, just and adequate with interest, cost and attorney fees.

5

Respectfully Submitted,

FIEGER FIEGER KENNEY JOHNSON & GIROUX, P.C.

*[signature]*

GEOFFREY N. FIEGER ( P-30441)
PAUL W. BROSCHAY (P - 36267)
Attorney for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555

Date: April 28, 2011

## JURY DEMAND

NOW COMES the Plaintiff, HEIDI VANDERMAAS, Personal Representative for the Estate of MARY MESSERSCHMIDT, by and through her attorneys, FIEGER FIEGER KENNEY JOHNSON & GIROUX, P.C., and hereby demand a trial by jury in the above captioned matter.

Respectfully Submitted,

FIEGER FIEGER KENNEY JOHNSON & GIROUX, P.C.

*[signature]*

GEOFFREY N. FIEGER ( P-30441)
PAUL W. BROSCHAY (P-36267)
Attorney for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555

Dated: April 28, 2011

6